1  DAVID G. SPIVAK (SBN 179684)
       david@spivaklaw.com
2  CAROLINE TAHMASSIAN (SBN 285680)
3      caroline@spivaklaw.com
   THE SPIVAK LAW FIRM
4  16530 Ventura Blvd, Suite 203
5  Encino, CA 91436
   Telephone (818) 582-3086
6  Facsimile (818) 582-2561
7  Attorneys for Plaintiff,

8
   JOSE MACIEL, and all others similarly situated
9

10

11          **UNITED STATES DISTRICT COURT**

12      **FOR THE EASTERN DISTRICT OF CALIFORNIA**
13

14

15 | JOSE MACIEL and ELVIS BONILLA, | Case No.: 1:17-cv-00902-DAD-SKO
   | on behalf of themselves, and all others |
16 | similarly situated, and as an "aggrieved | District Judge: Dale A. Drozd
17 | employee" on behalf of other "aggrieved | Magistrate Judge: Sheila K. Oberto
   | employees" under the Labor Code |
18 | Private Attorneys General Act of 2004, |
   | | **CLASS ACTION**
19 |
20 |        *Plaintiffs(s),* | **[PROPOSED] FIFTH AMENDED**
   | | **CONSOLIDATED CLASS ACTION**
21 |        vs. | **COMPLAINT FOR:**
   | | 1. Failure to Provide Rest Breaks (Lab.
22 | | Code §§ 226.7 and 1198);
23 | BAR 20 DAIRY, LLC, a California | 2. Failure to Provide Meal Periods
   | limited liability company; and DOES 1 | (Lab. Code §§ 226.7 and 1198);
24 | through 50, inclusive, | 3. Unpaid Overtime Wages (Lab. Code
25 | | §§ 1194 and 1198);
   |        *Defendant(s).* | 4. Wage Statement Penalties (Lab.
26 | | Code § 226);
27 | | 5. Waiting Time Penalties (Lab. Code
28 | | §§ 201–203);

**S P I V A K   L A W**
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);
7. Civil Penalties (Lab. Code §§ 2698, *et seq.*); and
8. Failure to Pay Wages in Violation of the Federal Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*).

**JURY TRIAL DEMANDED**

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

1

## ATTORNEYS FOR PLAINTIFF ELVIS BONILLA

2   ERIC B. KINGLSEY (SBN 185123)
3        Eric@kingsleykingsley.com
    KELSEY M. SZAMET (SBN 260264)
4        Kelsey@kingsleykingsley.com
5   JUSTIN M. AUFDERHAR (SBN 314023)
         Justin@kingsleykingsley.com
6   KINGSLEY & KINGSLEY, APC
7   16133 Ventura Blvd., Suite 1200
8   Encino, CA 91436
    Telephone:   (818) 990-8300
9   Facsimile:    (818) 990-2903

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

Plaintiffs JOSE MACIEL and ELVIS BONILLA (hereafter "Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1.     Plaintiffs bring this class, collective, and representative action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 14-2001 (hereafter "the Wage Order"), the Federal Fair Labor Standards Act (hereafter "FLSA"), and the Business and Professions Code against defendants BAR 20 DAIRY, LLC, and Does 1-50, inclusive (collectively "Defendants").

2.     As set forth in more detail below, Plaintiffs allege that Defendants are liable to them and their other similarly situated current and former non-exempt, hourly and salaried employees in California and the United States for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) provide timely rest breaks, (2) provide timely meal periods, (3) pay minimum and overtime wages at the correct rates of pay, (4) fairly compete, (5) provide accurate written wage statements, and (6) timely pay final wages upon termination of employment. Accordingly, Plaintiffs now seek to recover unpaid wages and related relief through this class and collective action.

## PARTIES

3.     From 1997 to 2000, Defendants employed Plaintiff MACIEL to work at their farm located in Kerman, California. Defendants rehired Plaintiff MACIEL in 2005 to work at the same location until approximately August of 2014 when they terminated his employment. Defendant continuously employed Plaintiff BONILLA at its farm located in Kerman, California from 2008 to January 2015, when Bonilla was terminated.  During their employment with Defendants, Plaintiffs milked the cows, monitored their health conditions, maintained and cleaned their corrals, cleaned the farm, painted the scales, inseminated the cows, delivered their calves,

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

4

and assisted in Defendants' veterinary clinic. At all relevant times, Plaintiffs were "employees" within the meaning of Title 8 California Code of Regulations Section 11140 and "aggrieved employees" within the meaning of Labor Code Section 2699(c).

4.    At all relevant times, Plaintiffs were non-exempt employees, entitled to the full protections of both the Labor Code and the Wage Orders and Defendants compensated them on a biweekly basis. They also paid Plaintiffs nondiscretionary bonuses and several other forms of compensation, including but not limited to, shift differentials, "Extra Days," "Misc Pay," "Incentive," "Rent," and "Utilities." Plaintiffs usually worked approximately nine (9) to ten (10) hours per day, six day per week. Plaintiff MACIEL currently resides in the City of Winton, California. Plaintiff BONILLA currently resides in California.

5.    Defendant BAR 20 DAIRY, LLC is a California limited liability company organized and existing under the laws of California and a citizen of California based on Plaintiffs' information and belief.

6.    Plaintiffs are ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but are informed and believe and thereon allege that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

7.    Plaintiffs are informed, believe, and thereon allege that one or more of the Defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California and the United States during the applicable limitations periods.

8.    Plaintiffs are informed and believe and thereon allege that, at all

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

5

relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

9.     At all relevant times, in perpetrating the acts and omissions alleged herein, defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiffs and other members of the below-described classes in accordance with applicable California, federal, and FLSA labor laws as alleged herein.

10.    Plaintiffs are informed and believe and thereon allege that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

11.    This action has been brought and may be maintained as a class and collective action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiffs are unaware of any difficulties likely to be encountered in managing this case as a class and collective action.

12.    Plaintiffs are aware of no difficulties that are likely to be encountered in managing this action that would preclude class or collective treatment.

13.    **Class Definition:** The class is defined as follows: All current and former non-exempt employees of Defendants employed between February 11, 2011 to the present in the following departments and/or job categories, or any like

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

position(s): Breeders, Calf, Corral Maintenance, Feed Push, Feeders, Fresh Cow, Hospital, Maintenance, Waste Management, Maternity, Milkers, Farm Tractor and Equipment Drivers, Farm Irrigators, and Farm Shop.

14. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

15. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiffs do not currently know the exact number of class members, Plaintiffs are informed and believe that the actual number exceeds the minimum required for numerosity under both California and federal law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.    Whether Defendants failed to provide the class with all required rest breaks?

B.    Whether Defendants failed to provide the class with all required timely meal periods?

C.    Whether Defendants failed to pay all minimum and overtime wages to the class?

D.    Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to the class?

E.    Whether Defendants employed the class members within the meaning of the FLSA?

F.    Whether Defendants violations of the FLSA are willful as that term is used within the context of the FLSA?

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

G.    Whether Defendants knowingly and intentionally failed to provide the class with accurate wage statements?

H.    Whether Defendants willfully failed to provide the class with timely final wages?

17.    **Typicality:** Plaintiffs' claims are typical of the other class members' claims. Plaintiffs are informed and believe and thereon allege that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code, the FLSA, and the Business and Professions Code as alleged herein.

18.    **Adequacy of Class Representatives:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. Plaintiffs are dedicated to vigorously prosecuting this action on behalf of class members. Plaintiffs will fairly and adequately represent and protect the interests of class members.

19.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent class members, are experienced in wage and hour class and collective action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent class members.

20.    **Superiority:** A class and collective action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class and collective action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                                    [Proposed] Fifth Amended Complaint

impossible, for individual class members to both seek and obtain relief. Moreover, a class and collective action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class and collective action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Lab. Code §§ 226.7 and 1198)

### (By Plaintiffs and the Class against all Defendants)

21.    Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

22.    At all relevant times during the applicable limitations period, Plaintiffs and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

23.    Labor Code § 1198 states,

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

24.    Industrial Welfare Commission Order 14-2001 applies to "all persons employed in an agricultural occupation whether paid on a time, piece rate, commission, or other basis[.]" *See* Wage Order § 1. "Employed in an agricultural occupation" includes the "raising, feeding and management of livestock[.]" Wage Order § 2.

25.    In relevant part, Section 12 of the Wage Order states:



SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

9

Rest Periods:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

26.     In addition, Labor Code Section 226.7 states

(b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

27.     "[I]n the context of an eight-hour shift, '[a]s a general matter,' one rest break should fall on either side of the meal break. (Ibid.)" *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1032.

28.     Pursuant to the Wage Order, Plaintiffs and the class were entitled to be provided with net rest breaks of at least ten minutes for each four hour period of work, or major fraction thereof.

29.     Defendants failed to provide Plaintiffs with all required rest breaks in accordance with the Wage Order, including but not limited to, second rest breaks when they worked eight or more hours in a workday. Plaintiffs are informed and

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

believe and thereon allege that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all rest breaks required by California law.

30.    Defendants failed to pay Plaintiffs the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to them. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

31.    As a result of Defendants' unlawful conduct, Plaintiffs and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

32.    By reason of the above, Plaintiffs and the members of the class are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 226.7 and 1198)

### (By Plaintiffs and the Class against all Defendants)

33.    Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

34.    At all relevant times during the applicable limitations period, Plaintiffs and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7 and 1198, and the Wage Order.

35.    Labor Code § 1198 states,



SPIVAK LAW

Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

11

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

36.   In relevant part, Section 11 of the Wage Order states:

Meal Periods:

Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by writ- ten agreement between the parties an on-the-job paid meal period is agreed to.

37.   Pursuant to the Wage Order, Plaintiffs and the class were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours.

38.   During the relevant time period, Defendants failed to provide Plaintiffs with all required timely meal periods in accordance with the Wage Order. Defendants failed to provide Plaintiffs with a meal period on all occasions that they worked more than five (5) hours in a workday. Further, Defendants often scheduled them to take their meal periods after the end of the fifth hour worked and/or for less than 30 minutes. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with all meal periods required by the Wage Order.

39.   Defendants failed to pay Plaintiffs the additional wages required by

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

California Labor Code § 226.7 for all timely meal periods not provided to them. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the class with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

40.    As a result of Defendants' unlawful conduct, Plaintiffs and the class have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

41.    By reason of the above, Plaintiffs and the members of the class are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (Lab. Code §§ 1194 and 1198)

### (By Plaintiffs and the Class against all Defendants)

42.    Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

43.    At all relevant times during the applicable limitations period, Plaintiffs and the class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 1194 and 1198, and the Wage Order.

44.    In relevant part, Section 3 of the Wage Order states,

Hours and Days of Work

(A)    The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school: such employees shall not be employed more than ten (10) hours in any

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

one workday or more than six (6) days in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over ten (10) hours in any workday and for the first eight (8) hours on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of work in the workweek.

45.    With respect to overtime wages, the regular rate of pay under California law must include "all remuneration for employment paid to, on behalf of, the employee." O.L. 2002.06.14 (*quoting* 29 U.S.C. § 207(e)). Commissions and bonuses must be included in the regular rate whether they are the sole source of the employee's compensation or are in addition to a guaranteed salary or hourly rate. 29 C.F.R. §§778.117, 778.208. *See Oliver v. Mercy Med. Ctr., Inc.* (9th Cir 1982) 695 F.2d 379.

46.    Labor Code Section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

47.    Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

48.    Plaintiffs are informed and believe that, at all relevant times, Defendants have applied centrally devised policies and practices to them and class members with respect to working conditions and compensation arrangements.

49.    At the beginning of Plaintiffs' employment and during the relevant time period, Defendants compensated Plaintiffs and the class members on a salary basis and failed to pay them for overtime hours. Defendants later corrected this practice and began compensating Plaintiffs and the class members on an hourly basis. Defendants also utilized practices, including but not limited to rounding time and automatically deducting 30 minutes for meal periods, which resulted in a failure

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                                        [Proposed] Fifth Amended Complaint

to pay Plaintiffs for all overtime hours worked.

50.     During the relevant time period, Defendants also failed to include all types of compensation they paid Plaintiffs and the class members, including, but not limited to, the nondiscretionary bonuses, shift differentials, "Misc Pays," "Extra Days," "Incentives," "Rent," and "Utilities," in calculating Plaintiffs and class members' regular rates of pay when they paid them overtime wages.

51.     As such, at all relevant times, Defendants failed to compensate Plaintiffs for all overtime hours worked at the correct overtime rates. Plaintiffs are informed and believe and thereon allege that, at relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the class for overtime hours worked at the correct overtime rates.

52.     As a result of Defendants' unlawful conduct, Plaintiffs and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of overtime wages earned during each pay period during the applicable limitations period.

53.     As a result of Defendants' conduct, Plaintiffs, on behalf of themselves and the class, seek damages and/or restitution for overtime wages which Defendants failed to pay them at the overtime rates set forth herein, interest thereon, costs of suit and reasonable attorney's fees pursuant to California Labor Code §§ 1194.

///

///

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiffs and the Class against all Defendants)

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

15

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

54.     Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

55.     At all relevant times during the applicable limitations period, Plaintiffs and the class have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

56.     Pursuant to California Labor Code § 226(a), Plaintiffs and the class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing: a) gross wages earned; b) net wages earned; c) all applicable hourly rates in effect during the pay period; and d) the corresponding number of hours worked at each hourly rate by the employee.

57.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

58.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.      The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

B.       Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.       The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D.       The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

59.       "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

60.       As alleged herein, Defendants failed to provide Plaintiffs and the class all wages owed, including but not limited to, overtime wages and premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. As a result, Defendants have violated California Labor Code § 226.

61.       Defendants' failure to provide Plaintiffs and the class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and the class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

62.       As a result of being provided with inaccurate wage statements by Defendants, Plaintiffs and the class have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                                      [Proposed] Fifth Amended Complaint

of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiffs and the class were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

63.     Pursuant to California Labor Code § 226(e), Plaintiffs and the class are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Lab. Code §§ 201-203)

### (By Plaintiffs and the Class against all Defendants)

64.     Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

65.     Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

66.     Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

67.    By failing to pay earned overtime and premium wages to Plaintiffs and the class members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

68.    Labor Code § 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned and unpaid wages to the employee in accordance with Labor Code § 201 or § 202.

69.    Plaintiffs are informed and believe that Defendants' failures to timely pay Plaintiffs and the class members all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

70.    Pursuant to Labor Code § 203, Plaintiffs seek waiting time penalties on behalf of themselves and the class members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each class member.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiffs and the Class against all Defendants)

71.    Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

72.    At all relevant times during the applicable limitations period, Plaintiffs and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                                        [Proposed] Fifth Amended Complaint

73.     The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq*. Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

74.     As a result of Defendants' unfair competition as alleged herein, Plaintiffs and the class have suffered injuries in fact and lost money or property. Plaintiffs and the class were deprived of wages for all rest and meal periods not provided to them, for overtime hours worked for which they did not receive overtime wages and for unpaid wages resulting from not being provided with accurate wage statements.

75.     Pursuant to California Business & Professions Code § 17203, Plaintiffs and the class are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

76.     Plaintiffs and the class are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

///

///

## SEVENTH CAUSE OF ACTION
## CIVIL PENALTIES
### (By Plaintiffs, on behalf of themselves and the Class, against all Defendants)

77.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

78.    Labor Code § 204 states

(a)    All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. …

(b)    (1)    Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2)    An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c)    However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)    The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

79.    Defendants paid wages to employees on regular intervals. Defendants failed to pay Plaintiffs on such intervals for all wages earned and all hours worked. On information and belief, Plaintiffs allege that Defendants also failed to pay the aggrieved employees on such intervals for all wages earned and all hours worked.



SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

21

80.    During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 1194 and 1198.

81.    California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

82.    Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiffs and the Class are entitled to recover civil penalties for each of the Defendants' violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 1194 and 1198 during the applicable limitations period in the following amounts:

A.    For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B.    For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

C.    For violations of California Labor Code §§ 201, 202, 203, 226.7, 1194 and 1198 one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

83.    Plaintiffs have complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letters dated January 26, 2015 and June 25,



SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste 303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

22

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

2015, Plaintiff MACIEL gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. On March 4, 2015, the LWDA provided written notice to Plaintiff MACIEL informing him that it does not intend to investigate the allegations stated in Plaintiff's letter dated January 26, 2015. By letter dated March 18, 2015, Plaintiff BONILLA gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. The LWDA has failed to take action in response, but Plaintiff BONILLA anticipates that the LWDA will provide written notice to him informing him that it does not intend to investigate these allegations.

84.     Pursuant to California Labor Code § 2699(g), Plaintiffs and the aggrieved employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY WAGES IN VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

### (29 U.S.C. §§ 201 *et seq.*)

### (By Plaintiffs and the Class against all Defendants)

85.     Plaintiffs incorporate the preceding paragraphs of the Complaint as if fully alleged herein.

86.     The Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*, applies to employees in industries engaged in interstate commerce. Because Defendants are engaged in communications, business, and transmission between states, Defendants are engaged in commerce within the meaning of 29 U.S.C. § 203(b) and Plaintiffs

23



SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

and the class members are entitled to the protections of the FLSA.

87.   Plaintiffs have consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Jose Maciel's Consent to Become Party Plaintiff.   Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff Elvis Bonilla's Consent to Become Party Plaintiff.   The contents of Exhibits 1 and 2 are incorporated by reference in this complaint. As this case proceeds, it is possible that other individuals will sign consent forms and join as individual plaintiffs asserting individual FLSA claims.

88.   The FLSA authorizes Plaintiffs to bring this action on behalf of themselves and the class members as an opt-in collective action because they are similarly situated employees of Defendants.

89.   The FLSA requires employers subject to the Act to compensate all non-exempt employees with minimum wages for all hours worked. 29 U.S.C. § 206(a).

90.   Defendants intentionally failed to pay Plaintiffs minimum wages for all hours worked. Defendants utilized practices, including but not limited to rounding time and automatically deducting 30 minutes for meal periods, which resulted in a failure to pay Plaintiffs minimum wages for all hours worked.

91.   Plaintiffs are informed and believes that, during the applicable limitations period, Defendants intentionally failed to pay the other class members minimum wages for all hours worked.

92.   Plaintiffs and the class are not exempt from the FLSA minimum wage requirements because they did not principally engage "in the range production of livestock." 29 U.S.C. § 213 (a)(6)(E). The application of this exemption "depends on the type of work performed by the individual employee for whom exemption is sought and on where the work is done." 29 C.F.R. § 780.323 (emphasis added). In order for the exemption to apply, the employees have to perform their work on the

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

"range." 29 C.F.R. § 780.324. For purposes of this exemption, "range" is defined as

> land that is not cultivated. It is land that produces native forage for animal consumption, and includes land that is revegetated naturally or artificially to provide a forage cover that is managed like range vegetation. "Forage" as used here means "browse" or herbaceous food that is available to livestock or game animals.

29 C.F.R. § 780.326.

93.     Plaintiff and the class did not perform their duties on the "range" because their work place and the land Defendants kept the livestock did not produce forage for animal consumption. Therefore, Plaintiff and the class are not exempt from the minimum wage requirements of the FLSA.

94.     Plaintiffs, on behalf of themselves and the other class members, seek declaratory and injunctive relief, monetary damages, liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216.

## **PRAYER FOR RELIEF**

95.     WHEREFORE, Plaintiffs, on behalf of themselves and the class, prays for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class action with respect to Plaintiffs' claims for violations of California law;

B.     An order that the action be certified as a collective action with respect to Plaintiffs' claims for violations of the FLSA;

C.     An order that Plaintiffs be appointed class representatives;

D.     An order that counsel for Plaintiffs be appointed class counsel;

E.     A declaration that Defendants are financially responsible for notifying all class members of their alleged FLSA violations;

F.     Unpaid wages;

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint

G.   Statutory penalties;

H.   Civil penalties;

I.   Declaratory relief;

J.   Actual damages;

K.   Restitution;

L.   Pre-judgment interest;

M.   Costs of suit;

N.   Reasonable attorneys' fees; and

O.   Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: April 23, 2019

By_____
DAVID SPIVAK
Attorney for Plaintiffs, JOSE MACIEL,
and all others similarly situated

KINGSLEY & KINGSLEY, APC

SPIVAK LAW
Employee Rights
Attorneys
9454 Wilshire Bl, Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                                    [Proposed] Fifth Amended Complaint

Dated: April 23, 2019

By_____
   ERIC B. KINGLSEY
   KELSEY M. SZAMET
   Attorneys for Plaintiff, ELVIS
   BONILLA, and all others similarly
   situated

SPIVAK LAW

Employee Rights
Attorneys
9454 Wilshire Bl. Ste
303
Beverly Hills CA 90212
(310) 499-4730 Tel
(310) 499-4739 Fax

*Maciel v. Bar 20 Dairy, LLC, et al.*                    [Proposed] Fifth Amended Complaint