# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MACIEL and ELVIS BONILLA, on behalf of themselves, and all others similarly situated, and as "aggrieved employees" on behalf of other "aggrieved employees" under the Labor Code Private Attorney General Act of 2004,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAR 20 DAIRY, LLC, a California limited liability company,<br><br>    Defendant.<br>_____/ | Case No. 1:17-cv-00902-DAD-SKO<br><br>**ORDER GRANTING THE PARTIES' STIPULATED REQUEST**<br><br>**ORDER EXTENDING CLASS CERTIFICATION DISCOVERY DEADLINE**<br><br>(Doc. 46) |

## I. INTRODUCTION

Plaintiffs Jose Maciel and Elvis Bonilla previously filed separate cases in Fresno County Superior Court against Defendant, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and California labor laws. (*See* Doc. 1 at 1–2.) The two cases were consolidated in state court on April 27, 2016, alleging class action claims, and on July 7, 2017, Defendant removed the case to this court. (*See id.*) On March 15, 2019, the Court entered a Scheduling Order setting the class certification deadline for September 30, 2019, and the deadline for filing for class certification for December 13, 2019. (Doc. 41 at 2.) Plaintiffs filed a Fifth Amended Complaint on April 30, 2019. (Doc. 44.)

On August 13, 2019, the parties filed a "Stipulation Re Discovery of Putative Class Member Identities and Contact Information. For the reasons set forth below, the Court finds the disclosure of the personal information of putative class members appropriate and GRANTS the parties' stipulated request.

## II. DISCUSSION

The stipulation states that during class certification discovery, Plaintiffs requested that Defendant:

> identify all its non-exempt employees in California during the relevant time period of February 11, 2011 to the present, including all employees employed in the following departments and/or job categories, or any like position(s): Breeders, Calf, Corral Maintenance, Feed Push, Feeders, Fresh Cow, Hospital, Maintenance, Waste Management, Maternity, Milkers, Farm Tractor and Equipment Drivers, Farm Irrigators, and Farm Shop (the "Putative Class Members").

(Doc. 46 at 3.) The parties met and conferred and agreed on a method of producing the information that balances Plaintiffs' need for the information and Defendant's employees' privacy rights. (*Id.*) The parties propose that Defendant provide to a third-party administrator a list of all putative class members and their names, addresses, email addresses, and telephone numbers, and the administrator mail a notice letter, (*see id.* at 7–9), to all the putative class members. (*Id.* at 3.)

The putative class members will then have an opportunity to "opt-out" of class certification discovery by either mailing a postcard included with the notice letter, (*see id.* at 11), or by emailing the administrator, within 30 days of the date of mailing. (*Id.* at 3–4.) No later than 45 days after mailing the notice letters, the administrator will provide Plaintiffs with a list of all putative class members who did not "opt-out" and their contact information, and provide to Defendant a list of all the putative class members who did "opt-out." (*Id.* at 4.) Finally, Plaintiffs will keep all information discovered by this process confidential, shall use the information only for purposes of this litigation, and shall return the information to Defendant or destroy it at the end of the case. (*Id.*)

The scope of pre-certification discovery in class actions is entirely within the discretion of the district court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009); *see also Aldapa v. Fowler Packing Company Inc.*, 310 F.R.D. 583, 588 (E.D. Cal. Oct. 29, 2015).

"Disclosure of contact information for putative class members is a common practice in the class action context." *Aldapa*, 310 F.R.D. at 588 (citing *Artis v. Deere & Co.*, 276 F.R.D. 348, 352

(N.D. Cal. 2011); *see also Talavera v. Sun Maid Growers of California*, No. 1:15-cv-00842-AWI-SAB, 2017 WL 495635, at *5 (E.D. Cal. Feb. 6, 2017) (citing *Coleman v. Jenny Craig, Inc.*, No. 11-CV-1301-MMA DHB 2013 WL 2896884, at *7 (S.D. Cal. June 12, 2013) ("[c]ontact information on the putative class members is routinely allowed in precertification discovery.")).

The California Supreme Court has adopted a specific procedure to protect the privacy rights of employees during pre-certification discovery. *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554, 561, 57 Cal.Rptr.3d 197 (2007). That procedure is an "opt-out procedure, whereby employees would receive notice of the putative class action and the fact that Plaintiffs were seeking their personal contact information. Employees could send written notice that they do not want their contact information shared with the Plaintiffs' attorneys." *Aldapa*, 310 F.R.D. at 588 (citing *Belaire-West*, 149 Cal.App.4th at 561). Federal courts in California have adopted the *Belaire* opt-out procedure in employment class actions. *See id.*; *Nguyen v. Baxter Healthcare Corp.*, 275 F.R.D. 503, 512 (C.D. Cal. 2011); *Murphy v. Target Corp.*, No. 09CV1436-AJB(WMC), 2011 WL 2413439, at *4 (S.D. Cal. June 14, 2011).

Here, the Court finds that Plaintiffs are entitled to the contact information of putative class members to substantiate class allegations and meet certification requirements, and the parties have proposed the type of opt-out procedure that has been routinely accepted in federal and state courts in California. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. June 29, 2011). The procedure proposed by the parties is appropriate and sufficiently protects the privacy rights of Defendant's employees. This is especially true because the information requested is limited to basic contact information, which is "less sensitive than 'more intimate privacy interests such as compelled disclosure of medical records and personal histories,'" and Plaintiffs have agreed to keep the information confidential, use the information only for purposes of this litigation, and return or destroy it at the end of the case. *See Salgado v. O'Lakes*, No. 1:13-cv-0798-LJO-SMS, 2014 WL 7272784, at *10 (E.D. Cal. Dec. 18, 2014) (quoting *Artis*, 276 F.R.D. at 353). Finally, the Court

3

finds the use of a third-party administrator appropriate as well. *See id.*

In view of September 30, 2019 class certification discovery deadline, the Court will *sua sponte* extend the discovery period to allow the parties sufficient time to complete the procedure outlined in their stipulation and any further discovery needed after Plaintiffs' receipt of the contact information.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. The parties' stipulated request, (Doc. 46), is GRANTED.

2. Defendant shall produce the list of putative class members and their contact information to Plaintiffs pursuant to the terms of the parties' stipulation, (Doc. 46).

3. The class certification discovery deadline is hereby extended to November 15, 2019. All other deadlines in the Scheduling Order, (Doc. 41), remain unchanged.

IT IS SO ORDERED.

Dated: __**August 16, 2019**__  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE