UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MACIEL and ELVIS BONILLA, *on behalf of themselves and all others similarly situated, and as "aggrieved employees" on behalf of other "aggrieved employees" under the Private Attorneys General Act of 2004*,<br><br>Plaintiffs,<br><br>v.<br><br>BAR 20 DAIRY, LLC, *a California limited liability company*; and DOES 1 through 50, *inclusive*,<br><br>Defendants. | No. 1:17-cv-00902-DAD-SKO<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(Doc. No. 54) |

**INTRODUCTION**

On August 28, 2020, the court conditionally granted plaintiffs' second motion for preliminary approval of class action settlement. (Doc. Nos. 54, 60.) Therein, the court directed the parties to submit to the court a revised settlement reflecting the changes directed within thirty days. (Doc. No. 60 at 34.) On September 28, 2020, attorney Kelsey M. Szamet submitted a declaration in response to the court's order issued on August 28, 2020. (Doc. No. 61.) Attached to the Szamet Declaration is the parties' Fifth Amended Settlement Agreement (Doc. No. 62-1 ("the Settlement")), as well as other exhibits demonstrating the parties' incorporation of the

1

1  changes in the proposed settlement as directed by the court's order conditionally granting
2  plaintiffs' motion (*see* Doc. Nos. 61-2–61-8).  For the reasons set forth below, the court will now
3  fully grant plaintiffs' motion for preliminary approval of class action settlement.

## BACKGROUND

Defendant Bar 20 Dairy, LLC (hereinafter "Bar 20") is a dairy farming business based in Kerman, California. (Doc. No. 54-1 at 14.) Defendant employed plaintiffs Jose Maciel and Elvis Bonilla as "milkers," whose responsibilities included milking cows, monitoring the health conditions of cows, maintaining and cleaning corrals, cleaning the farm, inseminating cows, delivering calves, and assisting in defendant's veterinary clinic. (*Id.*)

The detailed procedural history of this action was described in a previous order and will not be reprised below. (*See* Doc. No. 34.) As relevant here, this action now proceeds on plaintiffs' fifth amended complaint, which alleges eight causes of action under California's Labor Code, Unfair Competition Law, and Private Attorneys General Act ("PAGA"), in addition to the federal Fair Labor Standards Act ("FLSA"). (*See* Doc. No. 44.) On April 7, 2020, following the court's rejection of the parties' Third Amended Settlement Agreement, plaintiffs renewed their motion for preliminary approval of class action settlement based on the parties' Fourth Amended Settlement Agreement. (Doc. No. 54). On August 28, 2020, the court conditionally granted the motion subject to additional changes being made to the Fourth Amended Settlement as described in the court's order. (Doc. No. 60.) On September 28, 2020, plaintiffs filed the Szamet Declaration and several exhibits in response to the court's order conditionally granting plaintiffs' motion. (Doc. No. 61.)

The Fifth Amended Settlement now proposed by the parties corrects the deficiencies identified by the court in its previous order conditionally granting preliminary approval. (*See* Doc. No. 60.) For example: (1) the Settlement now redistributes unclaimed funds in a second, pro rata payout to the Class Members who claimed their awards after the first distribution of funds (Doc. No. 61 at ¶ 6); the class notice has been revised to include details pertaining to this second distribution of funds and with a Spanish translation (*id.* at ¶¶ 12–15); and the implementation schedule was revised to reflect the re-mailing response deadline for undeliverable

notices, the second distribution of funds, and the removal of the final approval hearing date for the court to provide a new date for that hearing (*id.* at ¶ 21).

## LEGAL STANDARDS

The court recited the relevant legal standards for preliminary approval of Federal Rule of Civil Procedure 23 class and FLSA collection action settlements in its order of August 28, 2020. (*See* Doc. No. 60 at 5–10.) The court incorporates those standards by reference here and throughout this order.

## LEGAL ANALYSIS

**A.      Preliminary Class Certification**

As the court determined in its previous order conditionally granting preliminary approval, plaintiffs' showings with respect to numerosity, commonality, typicality, and adequacy of representation are adequate to meet the requirements of Rule 23(a). (Doc. No. 60 at 12–16); *see also Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 730 (9th Cir. 2007). The court also determined that Rule 23(b)(3)'s predominance and superiority requirements are met here. (Doc. No. 60 at 16–18); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). The court reaffirms these findings because the parties' Fourth and Fifth Settlement Agreements are identical with respect to class certification. (*See* Doc. No. 61-2.) Accordingly, the court grants preliminary certification of the proposed class under Federal Rule of Civil Procedure 23.

**B.      Conditional Certification of FLSA Collective Action**

In its previous order, the court found that conditional certification of this FLSA collective is appropriate. (Doc. No. 60 at 18.) The court also reaffirms this finding, again because the Fourth and Fifth Settlement Agreements are identical with respect to FLSA collective action certification. (*See* Doc. No. 61-2.) Accordingly, the court grants conditional certification of the FLSA collective action.

**C.      Preliminary Settlement Approval**

      1.      <u>The PAGA Component</u>

The court recited the relevant legal standards for reviewing a proposed settlement under PAGA in its order issued on August 28, 2020. (*See* Doc. No. 60 at 19.) The court incorporates

3

1   those standards by reference here and throughout this order.  In its previous order, the court noted
2   that the parties had failed to submit proof of the submission of their Fourth Amended Settlement
3   Agreement to the LWDA.  (*Id.*)  Here, attached to the Szamet Declaration is plaintiffs' proof of
4   submission of the Fifth Amended Settlement to the LWDA for its review.  (Doc. No. 61-8.)
5   Because of the current lack of objection from the LWDA, despite notice of the Fifth Amended
6   Settlement being provided to it, *Chamberlain v. Baker Hughes, a GE Co., LLC*, No. 1:19-cv-
7   000831-DAD-JLT, 2020 WL 4350207, at *5 (E.D. Cal. July 29, 2020), the court will proceed to
8   address the fairness, reasonableness, and adequacy of the PAGA penalties under that agreement
9   below.

10          2.      The FLSA Component
11          The court determined in its previous order that a bona fide dispute as to defendants FLSA
12  liability exists between the parties in this case.  (Doc. No. 60 at 19–20.)  The reaffirms that
13  finding, again because the Fourth and Fifth Settlement Agreements are identical with respect to
14  the existence of a bona fide dispute regarding defendant's FLSA liability.  (*See* Doc. No. 61-2.)
15  Accordingly, the court will also evaluate the fairness of the proposed settlement as to the FLSA
16  claims.

17          3.      Procedural Fairness
18          In its previous order, the court concluded based on representations by the parties that the
19  parties' negotiations constituted genuine, informed, and arm's-length bargaining.  (Doc. No. 60 at
20  20–21.)  The court reaffirms that finding because the Fourth and Fifth Settlement Agreements are
21  identical with respect to procedural fairness.

22          4.      Substantive Fairness
23                  a.      *Adequacy of the Settlement Amount*
24          The court recited the relevant legal standards for reviewing a proposed settlement award's
25  fairness in its order issued on August 28, 2020.  (*See id.* at 21.)  The court incorporates those
26  standards by reference here and throughout this order.  The parties in this case have agreed to a
27  $450,000.00 Gross Settlement.  (Doc. No. 62-1 at 12.)  When the court conditionally granted
28  preliminary approval of the Settlement, the Net Settlement Amount was calculated to be

$249,750.00 and the amount that the average Class Member could expect to receive under the Settlement was $840.90. (Doc. No. 60 at 22–23.) Because the Fifth Amended Settlement Agreement includes a Settlement Administrator bid that has increased by $3,800.00, the new Net Settlement Amount is $245,950.00. (*See* Doc. No. 62-1 at 12.) Accordingly, the average Class Member can now expect to receive approximately $828.00 under the Settlement. (*Id.*) Although the court noted in its order conditionally granting preliminary approval that the recovery rate was at the low end of the range of percentage recoveries to be found reasonable (i*d.* at 22), the court does not find the new Net Settlement Amount's slight deviation to be significant. Moreover, the court has previously also determined that the low recovery rate did not justify the quick redistribution of unclaimed funds to a *cy-près* beneficiary and thus directed the parties to restructure the Settlement so that any unclaimed funds will be redistributed in a second, pro rata payout to the Class Members who claimed their awards after the first distribution of funds. (Doc. No. 60 at 21–23.) The Settlement now reflects this change. (*See* Doc. No. 62-1 at 30.) Accordingly, the court approves the Settlement amount reflected in the proposed Fifth Amended Settlement Agreement.

          b.    *PAGA Penalties*

The court concluded in its previous order that the proposed settlement of plaintiff's PAGA claims is fair, reasonable, and adequate in light of the PAGA's public policy goals. (Doc. No. 60 at 24–25.) The court reaffirms that finding because in this regard as well, the Fourth and Fifth Settlement Agreements are identical with respect to the PAGA penalties.

          c.    *Attorneys' Fees*

In its previous order, the court noted that it was not fully persuaded that plaintiffs' $150,000.00 attorneys' fee request amount—equivalent to 33.33 percent of the Gross Settlement Amount—was reasonable, particularly in light of the low recovery rate and the repeated failure of the parties to craft a satisfactory settlement agreement. (*Id.* at 27.) Nonetheless, the court concluded that, for the purposes of preliminary approval, it would accept the justifications provided by plaintiffs' counsel for a measured departure from the 25 percent benchmark to the requested amount. (*Id.*) The court reaffirms that finding. However, the court again reminds

counsel that it will carefully re-examine the award of attorneys' fees and conduct a final lodestar cross-check at the final approval stage. The court expects plaintiffs' counsel to provide all of the requisite billing records and calculations underlying its assertion that the lodestar calculation exceeds one third of the Gross Settlement Amount, as well as an accurate and complete accounting for the requested $25,000.00 in costs to be presented for the court's review at the final approval stage. (*See id.*)

          d.    *Incentive Payment*

The court determined in its previous order that while the proposed $15,000.00 incentive award may be disproportionately high given the possible disparity with the Settlement's average and/or median award to the putative class and collective members, the court would preliminarily approve the incentive award in the amount sought. (*Id.* at 27–29.) The court reaffirms that finding here. Nonetheless, plaintiffs are reminded that they must demonstrate at the final approval stage that the requested awards are fully justified and are commensurate with, and do not inappropriately dwarf, the awards received by the Class Members.

          e.    *Release of Claims*

In its previous order, the court concluded that the Released Claims appropriately track the claims at issue in this case and that the terms governing their release are consistent with applicable caselaw. (*Id.* at 29.) The court reaffirms that finding because the Fourth and Fifth Settlement Agreements are identical with respect to the release of claims.

**D.  Proposed Class Notice and Administration**

The court recited the relevant legal standards for determining the adequacy of a proposed settlement's notice in its order issued on August 28, 2020. (*See* Doc. No. 60 at 30–31.) The court incorporates those standards by reference here and throughout this order. The parties have made the changes to the notice as directed in the court's order conditionally granting preliminary approval. First, the court directed the parties to revise the Class Notice to include both English and Spanish versions, because it is likely that many of the Class Claimants may face difficulties in understanding a Class Notice provided to them only in English. (*Id.* at 31.) Accordingly, the parties have provided a revised Class Notice in the Spanish language. (*See* Doc. No. 61-7.)

Second, there was a discrepancy in the Class Notice as to the expected Settlement Administration cost.  The Class Notice now explains that Settlement Administration costs will not exceed $10,300.00, which the Szamet Declaration details and the court will discuss below.  Third and finally, the parties were directed to revise the Class Notice to include details regarding the second distribution of funds ordered by the court in the event that any Class Members decide to opt-out or otherwise fail to deposit their settlement checks.  The parties have made that revision.[1]  (*See* Doc. Nos. 61-6, 61-7.)  Accordingly, the court now approves the proposed Class Notice.

**E.     Settlement Administrator and Settlement Administration Costs**

In its previous order, the court appointed Simpluris as the Settlement Administrator. (Doc. No. 60 at 31–32.)  At the time the parties filed their proposed Fourth Amended Settlement, the estimated cost of administering that settlement was $6,500.00.  (*Id.* at 32.)  The parties have now submitted two Settlement Administration cost bids in connection with their Fifth Amended Settlement:  one with and one without the inclusion of costs for the second redistribution of unclaimed funds.  (*See* Doc. Nos. 61-3, 61-4.)  The modified bid, which includes the cost of the second redistribution, is $10,300.00.  (*See* Doc. No. 61-3.)  The Szamet Declaration also notes that even absent the second distribution, the passage of time since the filing of the Fourth Amended Settlement has resulted in Settlement Administration costs increasing to $7,450.  (Doc. No. 61 at ¶ 11; *see also* Doc. No. 61-4.)  The court finds that the $10,300.00 estimate in the modified bid is proportionally consistent with other settlements approved by this court.  *See, e.g.*, *CoreCivic of Tennessee*, 2020 WL 1475991, at *14 (administration costs of $15,000.00 for a $3.2 million settlement); *Dakota Med., Inc. v. RehabCare Grp., Inc.*, No. 1:14-cv-02081-DAD-BAM, 2017 WL 1398816, at *5 (E.D. Cal. Apr. 19, 2017) (administration costs of $94,000.00 for a $25 million settlement); *Aguilar*, 2017 WL 117789, at *7 (administration costs of $45,000.00 for a

/////

---

[1] The court notes that both of the most recent versions of the class notice presented to the court by the parties erroneously direct the class members to review the Fourth Amended Joint Stipulation of Class Action Settlement and Release for further details, when class members should be directed to the current version, which is the Fifth Amended Joint Stipulation.  The parties are directed to correct this error in the latest notice before it is sent out.

1  $4.5 million settlement). Accordingly, the court reaffirms its appointment of Simpluris as the

2  Settlement Administrator.

3  **F.     Implementation Schedule**

4        Plaintiff has submitted the following implementation schedule:

| Event | Date |
|---|---|
| Deadline for defendant to provide Simpluris with a list of Class Members ("Class List") | No later than fourteen (14) days after entry of Preliminary Approval Order |
| Deadline for Simpluris to send the Initial Mailing to each Class Member | No later than fourteen (14) days after receipt of the Class List |
| Deadline to file any Objections, Opt-Out Request, or Pay Period Disputes | No later than forty-five (45) days after the Initial Mailing (the "Response Deadline") |
| Deadline for Simpluris to perform skip trace and re-mail any undeliverable Class Notices(s) returned before the Response Deadline | No later than five (5) days after the Response Deadline |
| Deadline to respond to any re-mailed Class Notices(s) | No later than fourteen (14) days after the Class Notice was re-mailed |
| Deadline to compile and submit to the Parties a report of 1) the number of Class Members who opted out and 2) the final individual settlement amounts due to each Class Claimant | No later than seven (7) days prior to the Final Approval Hearing |
| Deadline for recipients to cash their settlement checks | One-hundred-twenty days (120) after the date of mailing or remailing, recipients will receive a letter noting that the check will be cancelled within thirty (30) days if not cashed |
| Deadline for Simpluris to complete second distribution to recipients who previously cashed first round of settlement checks | One hundred-fifty days (150) after the date of mailing or remailing, whichever is later, of the settlement checks and the reminder letter |
| Deadline for the *cy-près* beneficiary to receive funds | No later than forty-five (45) days after the mailing of second round settlement checks |
| Final Approval Hearing[2] | April 12, 2021 |

(*See* Doc. No. 61-9 at 8–9.)

---

[2] The parties' Fifth Amended Settlement Agreement erroneously states that the final approval hearing will be heard in the Fresno County Superior Court. However, the class notice approved by this court correctly states that the final fairness hearing will be before the undersigned in the Fresno courthouse of the U.S. District Court for the Eastern District of California. The parties are directed to correct this language in their Fifth Amended Settlement Agreement.

In its previous order conditionally granting preliminary approval, the court identified several deficiencies relating to the parties' originally proposed implementation schedule. First, it was unclear what deadline applied to the sending out of new Claim Notices after any Initial Mailings are returned as undeliverable, and what deadline applied to any responses submitted in response to those re-mailed Claim Notices. (Doc. No. 60 at 33.) Second, the original implementation schedule did not reflect the second distribution of funds ordered by the court. Finally, the final approval hearing date requested by the parties in the original implementation schedule had already passed. The proposed implementation schedule pending before the court corrects all of these deficiencies. Accordingly, the court will approve the parties' implementation schedule.

## CONCLUSION

For the reasons explained above:

1. Plaintiffs' motion for preliminary approval of class action settlement (Doc. No. 54) is granted;
2. The proposed class and FLSA collective are certified for settlement purposes;
3. Plaintiffs' counsel, David G. Spivak of The Spivak Law Firm and Eric B. Kingsley of Kingsley & Kingsley, APC, are appointed as class counsel for settlement purposes;
4. The named plaintiffs, Jose Maciel and Elvis Bonilla, are appointed as class representatives for settlement purposes;
5. Simpluris is approved as the settlement claims administrator;
6. The proposed notice and claim forms are approved in accordance with Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b);
7. The proposed settlement is approved on a preliminary basis in the manner detailed above;

/////

/////

/////

8. The hearing for final approval of the proposed settlement is set for April 12, 2021 at 1:30 pm before the undersigned in Courtroom 5, with the motion for final approval of class action settlement to be filed at least 28 days in advance of the final approval hearing, in accordance with Local Rule 230(b); and

9. The settlement implementation schedule set forth above is adopted.

IT IS SO ORDERED.

Dated: **October 13, 2020**　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE