ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
**KINGSLEY & KINGSLEY, APC**
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Plaintiff ELVIS BONILLA and the Proposed Class

DAVID G. SPIVAK, ESQ. (SBN 179684)
david@spivaklaw.com
CAROLINE TAHMASSIAN, ESQ. (SBN 285680)
caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Suite 203
Encino, CA 91436
Telephone (818) 582-3086
Facsimile (818) 582-2561

Attorneys for Plaintiff,
JOSE MACIEL, and all others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MACIEL and ELVIS BONILLA, on behalf of themselves, and all others similarly situated, and as "aggrieved employees" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>*Plaintiff(s)*,<br><br>vs.<br><br>BAR 20 DAIRY, LLC, a California limited liability company; and DOES 1 through 50,<br><br>*Defendant(s).* | CASE NO. 1:17-CV-00902-DAD-SKO<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          April 12, 2021<br>Time:         1:30 p.m.<br>Department.: Courtroom 5, 7th Floor,<br>                      Hon. Dale A. Drozd |

Case No. 1:17-cv-00902-DAD-SKO
**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

**TO THE COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that on April 12, 2021 at 1:30 p.m., in the above-entitled Court located at the Robert E. Coyle United States Courthouse, Courtroom 5, 7th Floor, 2500 Tulare Street, Fresno, CA 93721, Plaintiffs JOSE MACIEL and ELVIS BONILLA, as individuals ("Plaintiffs" or "Class Representatives"), on behalf of themselves, and on behalf of all persons similarly situated, through their attorneys of record ("Class Counsel"), and Defendant BAR 20 DAIRY, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY ("Defendant"), through its attorneys of record (Plaintiffs and Defendant together, the "Parties"), will and hereby do, move this Court for an order:

1. Granting Class Counsel's request for an award of attorneys' fees in the amount of $150,000.00 (33.33%) to be paid from the Gross Settlement Amount pursuant to the legal standards set forth in the supporting memorandum of points and authorities filed herewith;

2. Granting Class Counsel's request for an award of litigation cost reimbursement in the amount of $21,859.44 to be paid from the of the Gross Settlement Amount pursuant to Federal Rule of Civil Procedure 23(h) and the legal standards set forth in the supporting memorandum of points and authorities filed herewith; and,

3. Granting Plaintiffs JOSE MACIEL and ELVIS BONILLA a cumulative incentive payment of $15,000.00 (with $7,500 being allocated to each Plaintiff) for their services to the Settlement Class.

The Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Kelsey M. Szamet, David G. Spivak, Jose Maciel, Elvis Bonilla, Jeremiah Kincannon of Simpluris, Inc., the Fifth Amended Joint Stipulation of Class Action Settlement and Release, all other papers and records on file in this action, and on such oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: March 15, 2021         KINGSLEY & KINGSLEY, APC

By: */s/* Kelsey M. Szamet
Kelsey M. Szamet
Attorneys for Plaintiff ELVIS BONILLA
and the proposed class

# TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................1

II. STATEMENT OF FACTS ............................................................................1

III. PLAINTIFFS REQUEST THAT THE COURT GRANT CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES ............................................................................................................2

    A. Class Counsel Provided Adequate Notice to the Class of the Attorney Fee Request ..........................................................................2

    B. Class Counsel are Entitled to Fees and Costs under the Common Fund Doctrine ...................................................................3

    C. A Common Fund Award Calculated as 1/3 of the Settlement Fits Within the Range of Fees Awarded in this Circuit ..............................4

    D. The Circumstances of this Case Support a 1/3 Fee Award ...................5

        1. Results Achieved and Risk of Litigation ...................................6

        2. Skills of Counsel and the Quality of Work ...............................6

        3. Contingent Nature of the Fee and the Financial Burden ............6

    E. Class Counsel's Fee Request is Reasonable Under a Lodestar Crosscheck ..........................................................................................7

IV. THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS ..................................................................8

V. THE COURT SHOULD GRANT THE REQUESTED ENHANCEMENT TO THE NAMED PLAINTIFF .......................................................................9

VI. PROOF OF SUBMISSION TO THE LABOR AND WORKFORCE DEVELOPMENT AGENCY .......................................................................10

VII. CONCLUSION............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bellinghausen v. Tractor Supply Company*,
  (N.D. Cal. 2015) 306 F.R.D. 245 ................................................................................5

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) .....................................................................................................3

*City of Detroit v. Grinnell Corporation*,
  495 F.2d 448 (2d Cir. 1974) .........................................................................................7

*Glass v. UBS Financial Services, Inc.*,
  Case No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ............9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (1998) ...................................................................................................4

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) .......................................................................................2

*In re Omnivision Tech., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2008)............................................................. 3, 5, 8

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*,
  148 F.3d 283 (3d Cir. 1998) .........................................................................................8

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ........................................................................................8

*Ingram v. The Coca-Cola Company*,
  200 F.R.D. 685 (N.D. Ga. 2001) ..................................................................................9

*Knight v. Red Door Salons, Inc.*,
  2009 WL 248367 (N.D. Cal. 2009)..............................................................................5

*Missouri v. Jenkins by Agyei*,
  491 U.S. 274 (1989) .....................................................................................................8

*Nystrom v. City of Vacaville*,

No. 204-CV-00330 MCE-PAN, 2009 WL 1327324 (E.D. Cal. May 12, 2009)........2, 3

*Paul, Johnson, Alston, & Hunt v. Graulty*,
   886 F.2d 268 (9th Cir. 1989) ..................................................................................5

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ................................................................................4

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ...............................................................................3, 4

*Van Vranken v. Atlantic Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) ........................................................................9

*Vincent v. Hughes Air West, Inc.*,
   557 F.2d 759 (9th Cir. 1977) ...............................................................................3, 8

*Vizcaino v. Microsoft Corp*,
   290 F.3d 1043 (9th Cir. 2002) ........................................................................ 5, 7, 8

**<u>Federal Rules</u>**

Federal Rules of Civil Procedure Rule 23 ....................................................................2

Federal Rules of Civil Procedure Rule 23(e) ...............................................................2

Federal Rules of Civil Procedure Rule 23(h) ...............................................................1

Federal Rules of Civil Procedure Rule 23(h)(1) ..........................................................2

Federal Rules of Civil Procedure Rule 54(d)(2) ..........................................................2

Federal Rules of Civil Procedure Rule 54(d)(2) ..........................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs JOSE MACIEL and ELVIS BONILLA ("Plaintiffs" or "Class Representatives") seek an order granting final approval of Class Counsel attorneys' fees and costs and awarding the named Plaintiffs an enhancement payment pursuant to the terms of the Parties' "Fifth Amended Joint Stipulation of Class Action Settlement and Release" ("the Settlement").

Class Counsel seek fees in the amount of $150,000.00 (1/3) to be paid from the Gross Settlement Amount and reimbursement for costs in the amount of $21,859.44[1] pursuant to Rules 23(h) and 54(d) (2) of the Federal Rules of Civil Procedure. Class Counsel also requests a cumulative enhancement of $15,000.00 for Plaintiffs Maciel and Bonilla in recognition of their work and risk incurred in serving as to the sole class representatives litigating this case. These requests, and the particular amounts, conform with the amounts described in the Class Notice provided to settling class members. Accompanying this Memorandum of Points and Authorities is a separate memorandum filed in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

## II. STATEMENT OF FACTS

The relevant procedural history is set forth in the concurrently-filed Motion for Approval of Class Action Settlement. To conserve the Court's time and resources, Plaintiffs will not recite the same facts here. *See* concurrently filed Motion and Declaration of Kelsey M. Szamet ¶¶5-19. ("Szamet Decl.")

///

---

[1] The Settlement Agreement provides for a reimbursement request of up to $25,000.00. Plaintiff's Counsel limits the request to actual costs incurred.

## III. PLAINTIFFS REQUEST THAT THE COURT GRANT CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES

### A. <u>Class Counsel Provided Adequate Notice to the Class of the Attorney Fee Request</u>

Federal Rule of Civil Procedure 23(h)(1) requires a claim for attorneys' fees to be made by motion under Rule 54(d)(2) and for notice of the motion to be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner. Fed. R. Civ. P. 23. "The plain text of the rule requires that any class member be allowed an opportunity to object to the fee 'motion' itself." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-94 (9th Cir. 2010). In cases in which settlement approval is contemplated under Rule 23(e), notice of class counsel's fee motion should be combined with notice of the proposed settlement, and the provision regarding notice to the class is parallel to the requirements for notice under Rule 23(e). *See* Fed.R.Civ.P. 23 (h)(1), *Advisory Committee Notes*; *Nystrom v. City of Vacaville*, No. 204-CV-00330 MCE-PAN, 2009 WL 1327324, at *1 (E.D. Cal. May 12, 2009).

Pursuant to the Court's Orders, Class Counsel provided adequate notice to the Settlement Class of their intention to apply for attorneys' fees of $150,000.00, which is 1/3 of the Gross Settlement Amount, and to seek reimbursement of reasonable costs expended in the litigation. Szamet Decl. ¶74; ECF Nos. 63, 61-5 and 61-7, Exs. 5 and 7 (revised Class Notice).

The Class Notice informed members of the Settlement Class they could participate, object, or opt out of the settlement and provided detailed instructions. Szamet Decl. ¶75; ECF No. 61-5 and 61-7, Exs. 5 and 7.

The Settlement Administrator mailed notices to 315 Settlement Class Members on December 2, 2020. Kincannon Decl. ¶7. Members of the Settlement Class had until January 16, 2021 to submit a valid request for exclusion or to object.

*Id.* at ¶9.

To date, there is one (1) request for exclusion and zero (0) objections. Kincannon Decl. ¶¶9-10. As such, the reaction of the Settlement Class Members to Class Counsel is positive and weighs in favor of approval.

### B. <u>Class Counsel are Entitled to Fees and Costs under the Common Fund Doctrine</u>

Courts have long recognized that, when attorneys' efforts result in the creation of a common fund that benefits the plaintiff and unnamed class members, counsel have an equitable right to be compensated from that fund for their successful efforts in creating it. *See, e.g.*, *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). "The common fund doctrine provides that a private plaintiff, or her attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of her litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *see also In re Omnivision Tech., Inc.*, 559 F.Supp.2d 1036, 1046 (N.D. Cal. 2008). This doctrine rests on the understanding that attorneys should normally be paid by their clients, and that unless attorneys' fees are paid out of the common fund, those who benefitted from the fund would be unjustly enriched. *Boeing*, 444 U.S. at 478. To prevent this unfair result, courts exercise their inherent equitable powers to assess attorneys' fees against the entire fund, thereby spreading the cost of those fees among all those who benefitted. *Id.*

As detailed fully in the Settlement, the Settlement provides for Defendant to pay a Gross Settlement Amount of $450,000.00. (Settlement, § I.23). The Court preliminarily approved the following allocation of the Settlement:

| *Category* | *Amount* |
|---|---|
| Gross Settlement Amount: | $ [450,000.00] |
| Class Counsel Fees (1/3): | $ [150,000.00] |

3    Case No. 1:17-cv-00902-DAD-SKO
**MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS**

| | |
|---|---|
| Class Counsel Costs: | $ [25,000.00] |
| Settlement Administration | $ [10,300.00] |
| Incentive Award to Plaintiffs: | $ [15,000.00] |
| PAGA Payments | $ [5,000.00 ($3,750 to the LWDA and $1,250 to Net Settlement Amount)] |
| Net Settlement Amount: | $ [245,950.00] |

Szamet Decl. ¶76.

Class Counsel's application for an award of attorneys' fees in the amount of $150,000.00 or 1/3 of the Gross Settlement Amount created on behalf of the Settlement Class, is reasonable and fair. This litigation resulted in the creation of a common fund for the Class, namely a non-reversionary settlement fund of $450,000.00. Because none of the class members have paid fees to Class Counsel for their efforts during the litigation, equity requires them to pay a fair and reasonable fee based on what the market would traditionally require, no less than if they had hired private counsel to litigate their cases individually. Class Counsel is therefore entitled to fees from the settlement fund as a whole.

C. <u>A Common Fund Award Calculated as 1/3 of the Settlement Fits Within the Range of Fees Awarded in this Circuit</u>

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33.33% of the total settlement value, with 25% considered the benchmark. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (1998); *Staton*, 327 F.3d at 952. However, the exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. 2009). Indeed, as this district has acknowledged, "federal courts 'have consistently approved of attorney fee awards over the 25% benchmark[,]' specifically at a rate of '30% or higher[.]'" (*Bellinghausen v. Tractor Supply*

*Company* (N.D. Cal. 2015) 306 F.R.D. 245, 260.)

Given the fact that this is a certified class action, given the complicated and novel appellate issues fully briefed in the accompanying Motion for Final Approval of Class Action Settlement, and given the extensive time and experience provided by Counsel, Class Counsel believes that a fee award above the 25% benchmark is warranted. Szamet Decl. ¶77. They thus invested significant time and money on behalf of their clients even though there was high risk of non-payment due to constantly evolving law and the many other risks described in the Motion for Final Approval of Class Action Settlement. As such, this Court should find that 1/3 of the Settlement Fund is a reasonable fee under the circumstances.

D.   The Circumstances of this Case Support a 1/3 Fee Award

The ultimate goal in determining fees is to reasonably compensate counsel for their efforts in creating the common fund. *In re Omnivision*, 559 F.Supp.2d 1036, 1046 (2008) (citing *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 271-72 (9th Cir. 1989).

> The Ninth Circuit has approved a number of factors which may be relevant to the district court's determination: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.

*Id*. (citing *Vizcaino*, 290 F.3d at 1048-50).

Class Counsel respectfully requests that the Court approve the fees and costs to be paid in this action. Class Counsel seeks an award of 1/3 of the common fund or $150,000.00. The lodestar amount in this case $409,297.75, which shows that the value of counsel's efforts to secure the common fund is in line with the amount requested. Szamet Decl. ¶78. Further, given the risks involved in class action contingency work, Plaintiffs believe a request of 1/3 is justified, especially consider it is below the lodestar.

///

///

### 1. Results Achieved and Risk of Litigation

Class Counsel obtained an excellent result for the Settlement Class in view of the strength of this case, the possible range of recoveries, and the great risks posed in continuing with this litigation. Class Counsel has extensively addressed the perceived risks in this case in the concurrently-filed Motion for Final Approval of Class Action Settlement and will not repeat that analysis here. Further, there is uncertainty surrounding Plaintiffs' ability to prove their claims given the unpredictability associated with class certification as well as complex jury trials.

Despite these risks, Plaintiffs and Class Counsel recovered $450,000.00 on behalf of the Settlement Class, that the class members would likely not have recovered independent of this action. Based upon the anticipated Net Settlement Amount, each of the 314 Settlement Class Members shall each receive an average gross payment of $781.40, with the estimated highest gross payment being $1,438.76. Kincannon Decl. ¶11.

### 2. Skills of Counsel and the Quality of Work

Class Counsel showed great skill, thoroughness, and diligence in investigating and developing the claims, liability theories, and estimated possible recoveries in this litigation. Szamet Decl. ¶¶79, 27-70, 104. Class Counsel have many years of experience litigating complex class action cases in the employment and consumer context. Szamet Decl. ¶¶72-73.

Class Counsel's thoroughness in its research was critical to obtaining the Gross Settlement Amount of $450,000.00. Moreover, Class Counsel gained important information through the informal exchange of pertinent discovery which allowed counsel to create an accurate damage model. Szamet Decl. ¶80.

### 3. Contingent Nature of the Fee and the Financial Burden

It is recognized that one of the primary factors justifying an attorney fee award in cases such as this are the risks inherent in contingency fee litigation. As observed in *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 470 (2d Cir. 1974):

> No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who had agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee depend solely on the reasonable amount of time expended.

In addition to the complexity of this case, Class Counsel has borne the entire risk and costs of this litigation, all on a pure contingency basis. Szamet Decl. ¶81. Class Counsel has expended 846.49 hours on this case. Szamet Decl. ¶82. In addition, if the Court grants final approval, Class Counsel anticipates that they will continue to spend 5-10 hours of attorney time on this matter overseeing the settlement payout procedures set forth in the Settlement. Szamet Decl. ¶83. Class counsel also has incurred $21,859.44, to date, in costs with no guarantee of repayment. Szamet Decl. ¶84; *See* concurrently-filed Declaration of David Spivak in Support of Second Motion for Preliminary Approval of Class Action Settlement ("DS") ¶ 18.

These are significant outlays of time and resources given the fee requested, and it is this kind of situation, involving high risk and complex issues, that has been recognized as justifying the requested fee award.

E. <u>Class Counsel's Fee Request is Reasonable Under a Lodestar Crosscheck</u>

A lodestar cross-check confirms that the percentage requested is reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 1050 (9th Cir. 2002) ("while the primary basis of the fee award remains the percentage method, the lodestar may provide a perspective on the reasonableness of a given percentage award"). Here, Class Counsel has spent 846.49 hours on this litigation, resulting in lodestar fees through the present of $409,297.75. Szamet Decl. ¶85. Class Counsel has submitted a declaration evidencing the reasonableness of the hours spent working on this case and of the hourly rates for their services. Szamet Decl. ¶¶93-106. Note that rates are provided at the current hourly rate, which is appropriate as a means of compensating

for delay in payment. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *In re Washington Pub. Power Supply Sys. Sec. Litig.* 19 F.3d 1291, 1305 (9th Cir. 1994).

Using the above lodestar, the percentage of the fund requested represents a negative multiplier of approximately **0.37**. Szamet Decl. ¶86. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (holding that multipliers "ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied") (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 341 (3d Cir. 1998)). Comparison with the lodestar thus demonstrates that the requested fee award of 1/3 (**$150,000.00**) is reasonable.

## IV. THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS

Class Counsel has incurred $21,859.44 in costs and requests reimbursement of the same. Szamet Decl. ¶107, Ex. 2 [cost report][2]; DS ¶¶18, Ex. B. Under the common fund doctrine, the attorneys whose efforts helped to create the fund are entitled to recover "the costs of . . . [the] litigation," in addition to attorneys' fees. *Vincent,* 557 F.2d at 769; *see In re Omnivision*, 559 F.Supp.2d at 1048-49 (awarding payment for reimbursement of expenses, plus interest from settlement fund; discussing that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters, including expenses for photocopying, printing, postage, messenger services, legal research in electronic databases, experts, consultants, and travel costs).

Here, all of the requested costs incurred are reasonable. Szamet Decl. ¶108. To date, Class Counsel has incurred costs for filing fees, postage and legal research. Szamet Decl. ¶109; Ex. 2. All of these costs were necessarily incurred in the course

---

[2] Exhibit 2 to the Szamet Declaration is an accurate reflection of the costs incurred by Plaintiff's counsel Kingsley & Kingsley in this suit. Counsel recognizes that the Court may find certain costs confusing and therefore explains that TelSwitch charges on pages 9, 11 and 14 are fees for an expert economist to assist with damage modeling, and ARS charges on pages 16 and 17 are for an attorney service for service of documents.

of this litigation, and all costs advanced have already been paid by Class Counsel. Szamet Decl. ¶110.

## V. THE COURT SHOULD GRANT THE REQUESTED ENHANCEMENT TO THE NAMED PLAINTIFF

Finally, the Court should approve a total enhancement of $15,000.00 ($7,500.00 to each of the named Plaintiffs) for their work on behalf of the Settlement Class. "Courts routinely approve incentive awards to compensate named Plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Company*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (internal quotations and citations omitted); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). In *Coca-Cola*, the Court approved service awards of $300,000 to each named Plaintiff in recognition of the services they provided to the class by responding to discovery, participating in the mediation process, and taking the risk of stepping forward on behalf of the class. *Coca-Cola*, 200 F.R.D. at 694; *see also, e.g., Van Vranken*, 901 F. Supp. at 299 (approving $50,000 participation award to plaintiffs); *Glass v. UBS Financial Services, Inc.*, Case No. C-06-4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007) (approving $25,000 enhancement to each named Plaintiff).

Here, Plaintiffs spent important time researching competent counsel before bringing this lawsuit. Szamet Decl. ¶115; Bonilla Decl. ¶4. Once the lawsuit was filed, he helped to gather relevant employment documents in their possession. Szamet Decl. ¶112; Maciel Decl. ¶8; Bonilla Decl. ¶¶5-9. They maintained regular contact with Class Counsel to discuss the status of the case and regularly checked in about the case's progress. *Id*; Maciel Decl. ¶8; Bonilla Decl. ¶7. They also reviewed all relevant settlement documents. Szamet Decl. ¶114.

The Class Notice disclosed the enhancement award. (ECF Nos. 61-5 and, 61-7 "a service payment to Class Representatives Jose Maciel and Elvis Bonilla, in an amount set by the Court not to exceed $7,500.00 each for their services in the

lawsuit"). Szamet Decl. ¶120.

As of today, no class member has submitted an objection to the settlement. The deadline to file an objection to the Settlement was January 16, 2021. Szamet Decl. ¶121; Kincannon Decl. ¶9. Under the circumstances, a representative payment of $15,000.00 is justified and the Court should award this payment to Jose Maciel and Elvis Bonilla from the common fund as provided in the Settlement. Szamet Decl. ¶122.

## VI. PROOF OF SUBMISSION TO THE LABOR AND WORKFORCE DEVELOPMENT AGENCY

As indicated on the Proof of Service, Plaintiffs' Motion for Approval of Attorneys' Fees and Costs ("Motion") was uploaded to the Labor and Workforce Development Agency's ("LWDA") website on the date this Motion was filed as required by statute. Proof of submission of Plaintiffs' Motion, all related documents, and copy of the email from the LWDA confirming receipt is attached to the Declaration of Kelsey M. Szamet as Exhibit "6". Szamet Decl. ¶123.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award attorneys' fees equal to 1/3 of the Gross Settlement Amount, or $150,000.00, and reimbursement of costs of $21,859.44. Plaintiffs also request a cumulative enhancement for the Class Representatives of $15,000.00. For the above reasons, all of these requests are justified as part of the overall settlement, and the Court should approve them as reasonable and fair.

DATED: March 15, 2021                KINGSLEY & KINGSLEY, APC

By: */s/* Kelsey M. Szamet
Kelsey M. Szamet
Attorneys for Plaintiff ELVIS BONILLA
and the proposed Class